**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MUMIA ABU-JAMAL, et al., | : | |
| Plaintiffs | : | Civil Action No. 3:15-CV-00967 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| JOHN KERESTES, GEISINGER | : | (Magistrate Judge Mehalchick) |
| MEDICAL CENTER | : | |
| Defendants | : | FILED ELECTRONICALLY |

<u>**BRIEF IN SUPPORT OF DEFENDANT KERESTES' MOTION TO
DISMISS PLAINTIFF'S AMENDED AND SUPPLEMENTAL COMPLAINT**</u>

<u>**Relevant Facts & Procedural History**</u>

The Plaintiff is an inmate confined within the state correctional system at the

State Correctional Institution at Mahanoy ("SCI-Mahanoy).  The Defendants are

SCI-Mahanoy Superintendent John Kerestes and a private medical facility,

Geisinger Medical Center.

Plaintiff, through counsel, initiated the instant action on May 18, 2015

pursuant to § 1983. (Doc. 1.)  In his original complaint, Plaintiff asserted violations

of his First, Fifth and Fourteenth Amendment rights when he was denied visits

during a one-week hospitalization at Geisinger Medical Center.  On August 3, 2015,

Plaintiff filed a motion for leave to amend and supplement his complaint. (Doc. 21.)

On November 23, 2015, the Court granted Plaintiff leave to file an amended and supplemental complaint.  Plaintiff filed his amended pleading on November 24, 2015.  Defendant Kerestes filed his motion to dismiss on January 4, 2016.  This brief is submitted in support of that motion.

According to his Amended and Supplemental Complaint (doc. 57), Plaintiff has been incarcerated since 1981 and was previously on death row.  (*Id*. at ¶ 9, 15.) He was first diagnosed with Hepatitis C in 2012.  (*Id*. at ¶ 24.)  At some point in August 2014, Plaintiff asserts that his Hepatitis C began to manifest itself as a skin rash.  (*Id*. ¶ 28.)  He alleges that the rash spread.  (*Id*. ¶ 30.)  Although he concedes that he was prescribed topical treatments, he complains that the rash failed to respond to the treatment.  (*Id*.)  He reports that he suffered itching and swelling, and was subsequently prescribed "another steroid, oral prednisone, and Cyclosporine, an immunosuppressant" to address the rash.  (*Id*. ¶ 34.)

According to Plaintiff, the prescribed steroid led to high blood sugar, which caused him to lose consciousness on March 30, 2015.  (*Id*. at ¶¶ 35-38.)  He was then hospitalized at Schuylkill Medical Center and was discharged to SCI-Mahanoy two days later on April 1, 2015.  (*Id*. at ¶¶ 38-40.)  Despite this, Plaintiff alleges that his physicians at SCI-Mahanoy continued to prescribe cyclosporine.  (*Id*. at ¶ 43.) Plaintiff's rash persisted and, on May 12, 2015, he experienced pain in his lower

extremities when showering and was taken to Geisinger Medical Center, where he was subsequently admitted.  (*Id*. at ¶48.)   Plaintiff's family was initially informed that Superintendent Kerestes would permit Plaintiff to receive visits; however, Plaintiff's family and his counsel were subsequently informed that Plaintiff could not receive visits or telephone calls while hospitalized.  (*Id*. at ¶50.)  Plaintiff was not permitted to visit with his family or counsel while hospitalized at Geisinger Medical Center ("Geisinger") from May 12 to May 19.  (*Id*.at ¶¶ 50-54.)  However, he was permitted a telephone call with his family.  (*Id*. at ¶ 53.)

Plaintiff was subsequently discharged by Geisinger on May 19, 2015.  (*Id*. at ¶ 54.)  Since his release from Geisinger, Plaintiff's skin condition continues to be treated with petroleum jelly wraps.  (*Id*. at ¶ 59.) Plaintiff asserts that his worst symptoms have now returned, and he continues to suffer itching and pain which makes it difficult for him to walk. (*Id*. at ¶ 60.) Despite this, Plaintiff asserts that his treating physicians have failed to determine the source of his rash and, although they have ordered blood tests, have not offered him medication to treat his Hepatitis C condition.  (*Id*. at  ¶¶ 63-64.)

## <u>Statement of Questions Presented</u>

I.   WHETHER PLAINTIFF'S § 1983 CLAIMS AGAINST DEFENDANT KERESTES IN HIS OFFICIAL CAPACITY SHOULD BE DISMISSED WHERE THESE CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT?

II.   WHETHER PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT KERESTES UNDER §1983 WHERE PLAINTIFF FAILS TO ALLEGE SUFFICIENT PERSONAL INVOLVEMENT BY THIS DEFENDANT IN THE ASSERTED VIOLATIONS?

III.   WHETHER PLAINTIFF'S ACCESS TO COURTS CLAIM AGAINST SUPERINTENDENT KERESTES SHOULD BE DISMISSED WHERE PLAINTIFF FAILS TO ALLEGE AN INJURY TO A MERITORIOUS CLAIM?

IV.   WHETHER PLAINTIFF'S FREEDOM OF ASSOCIATION CLAIM SHOULD BE DISMISSED WHERE PLAINTIFF DOES NOT HAVE AN UNFETTERED RIGHT TO VISITS AND A LEGITIMATE PENOLOGICAL INTEREST EXISTS FOR LIMITING SUCH VISITS?

V.   WHETHER PLAINTIFF'S NEGLIGENCE CLAIMS AGAINST SUPERINTENDENT KERESTES SHOULD BE DISMISSED WHERE THOSE CLAIMS ARE BARRED BY SOVEREIGN IMMUNITY?

VI.   WHETHER PLAINTIFF'S CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF RELATED TO VISITS WHILE AT GEISINGER MEDICAL CENTER SHOULD BE DISMISSED AS MOOT WHERE PLAINTIFF IS NO LONGER SUBJECT TO THE CONDITIONS COMPLAINED OF?

## ARGUMENT
### Motion to Dismiss Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a plaintiff's complaint. Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*,

578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  In ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record.  *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (citations omitted).  The court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

I.      PLAINTIFF'S § 1983 CLAIMS AGAINST DEFENDANT KERESTES IN
        HIS OFFICIAL CAPACITY FOR DAMAGES SHOULD BE DISMISSED
        BECAUSE THEY ARE BARRED BY THE ELEVENTH AMENDMENT.
        Unless consented to by the state, the Eleventh Amendment prevents suits from
being brought in federal court against a state or one of its agencies or departments

for money damages. *Pennhurst v. Halderman*, 104 S. Ct. 900, 907-8 (1984). A suit

brought against an individual acting in his or her official capacity is similarly deemed

to be a suit against the state and therefore also is barred by the Eleventh Amendment.

*Will v. Mich. Dep't of State Police*, 109 S. Ct. 2304 (1989). Pennsylvania expressly

withheld consent to suit when it enacted its exceptions to sovereign immunity. *See*

42 Pa. C.S. § 8521. Therefore, suits against the Commonwealth of Pennsylvania

and Pennsylvania officials acting in their official capacity are barred by the Eleventh

Amendment. Accordingly, to the extent that Plaintiff seeks to impose liability for

money damages against Defendant Kerestes in his official capacity, Plaintiff's

claims should be dismissed.

II.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT
       KERESTES BECAUSE PLAINTIFF FAILS TO ALLEGE SUFFICIENT
       PERSONAL INVOLVEMENT BY THIS DEFENDANT IN THE
       ASSERTED VIOLATIONS.

To establish liability under § 1983, a plaintiff must prove that the defendant-

official was "personally involved" in the alleged violation. *Rizzo v. Goode*, 96 S.

Ct. 598 (1976). Liability may not be premised on a theory of *respondeat superior*.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A supervising official's

liability will only result from his misconduct, not the "misfeasances or positive

wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the sub-

agents or servants or other persons properly employed by or under him, in the

discharge of his official duties." *Iqbal*, 556 U.S. at 676.  The required degree of personal involvement may be shown by alleging facts sufficient to show actual participation in the misconduct.  *Id*.  Absent such involvement, liability attaches only where there is both actual knowledge of and acquiescence in the misconduct, which sends a message of approval of the misconduct.  *Chinchello v. Fenton*, 805 F.2d 126 (3d Cir. 1986).  Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement; further, such allegations "must be made with appropriate particularity." *Id.*  Review of a complaint or grievance by an inmate after the incident giving rise to the complaint has already occurred is not sufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

In the instant action, Plaintiff alleges no personal involvement in by Superintendent Kerestes in Plaintiff's medical care or the decision to deny visits during the one-week period that Plaintiff was hospitalized at Geisinger Medical Center.  Accordingly, Plaintiff's § 1983 claims against Superintendent Kerestes should be dismissed.

III.   PLAINTIFF'S ACCESS TO COURTS CLAIM AGAINST SUPERINTENDENT KERESTES SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO ALLEGE AN INJURY TO A MERITORIOUS CLAIM.

To set forth a viable access to courts claim, a plaintiff must allege facts sufficient to show an actual injury, namely that the defendants hindered his ability to pursue a legitimate legal claim. *Lewis v. Casey*, *U.S.*, 116 S. Ct. 2174, 2180 (1996) *quoting Bounds v. Smith*, 430 U.S. 817 (1977).  In *Christopher v. Harbury*, 536 U.S. 403, 122 S. Ct. 2179 (2002), the Supreme Court set forth the specific criteria that a district court must consider when determining whether a plaintiff has alleged a viable claim of denial of the right to access to the courts. A plaintiff must identify all of the following in the complaint: 1) a non-frivolous, underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a further suit. *Id*. at 415.  As to the first requirement, the Court explained that the underlying claim must be stated in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure to the same degree as if the underlying claim was being pursued independently. *Id*. at 417-418. In other words, the facts regarding the underlying claim must be "described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id*. at 416.

In the instant action, Plaintiff fails to assert any facts in support of his claim other than being denied the opportunity to meet with his attorneys for a one-week period.  Because Plaintiff does not allege that a meritorious claim was injured as a result of this brief inconvenience, Plaintiff's claim must be dismissed.

IV.   **PLAINTIFF'S FREEDOM OF ASSOCIATION CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF DOES NOT HAVE AN UNFETTERED RIGHT TO VISITS AND A LEGITIMATE PENOLOGICAL INTEREST EXISTS FOR LIMITING SUCH VISITS.**

Plaintiff's claim for violation of his right to freedom of association based on the denial of contact visits with his family while at an outside hospital similarly fails. As an initial matter, Plaintiff concedes that he was informed that Superintendent Kerestes had permitted the visits and that the Superintendent had permitted similar visits during a prior period of hospitalization at another facility.  Regardless, even assuming Superintendent Kerestes were responsible for barring visits with family for the week that Plaintiff was at Geisinger Medical Center, it is clear that Plaintiff's claim fails because Plaintiff does not have an unfettered right to visits.

"The very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration. And…freedom of association is among the rights least compatible with incarceration. Some curtailment of that freedom must be expected in the prison context." *Overton v.*

*Bazzetta*, 539 U.S. 126, 131 (2003) (citations omitted) (upholding prison regulation imposing two-year visitation ban for inmates found guilty of substance abuse violations). Thus, a decision or policy resulting in the denial of contact visits is valid where it serves a legitimate penological interest, giving substantial deference to the judgment of prison administrators. *Id*. at 132.

It is beyond cavil that contact visits by inmates while outside prison walls at private medical facilities present a considerable security concern. In the instant action, Plaintiff concedes that he was permitted a telephone call with his wife during the week that he was hospitalized. Further, it is clear that Plaintiff was permitted telephone calls after being discharged from the hospital on May 19. *See* Doc. 12. Because Superintendent Kerestes had discretion to prohibit or limit visits in the interest of security, Plaintiff's claim against Superintendent Kerestes fails and should be dismissed.

V.     PLAINTIFF'S     STATE     NEGLIGENCE     CLAIMS     AGAINST
       SUPERINTENDENT KERESTES SHOULD BE DISMISSED BECAUSE
       THOSE CLAIMS ARE BARRED BY SOVEREIGN IMMUNITY.

Sovereign immunity is established by the Pennsylvania Constitution, which provides that suits against the Commonwealth may only be brought "in such courts and in such cases as the Legislature may by law direct." Pa. Const. Art. 1, § 11. The Commonwealth is immune from suit except where the General Assembly

*specifically* waives that immunity. 1 Pa. C.S. § 2310.  By statute, the Commonwealth of Pennsylvania has waived sovereign immunity only in nine specific areas where the damages sought arise out of a negligent act. [1]   42 Pa. C.S. § 8522.   Sovereign immunity has been waived with respect to medical profession liability claims. § 8522(b)(2).  However that exception applies only to "[a]cts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel."  Department Superintendents are not health care personnel and are protected by sovereign immunity from medical negligence claims. *See Robus v. Department of Corrections*, CIV A. 04-2175, 2006 WL 2060615, at *4 (E.D. Pa. July 20, 2006) (no exception to sovereign immunity for medical negligence claim against Superintendent); *Shelton v. Malewski*, 4:06-CV-2188, 2007 WL 1113663, at *6 (M.D. Pa. Apr. 12, 2007)

---

[1] Section 8522 provides for a waiver of sovereign immunity where the claim is based upon:
(1) vehicle liability;
(2) medical-professional liability;
(3) care, custody or control of personal property;
(4) commonwealth real estate, highways and sidewalks;
(5) potholes and other dangerous conditions;
(6) care, custody or control of animals;
(7) liquor store sales;
(8) national guard activities; or
(9) toxoids and vaccines

42 Pa. C.S. § 8522(b).

(same); *Iverson v. Flowers*, 3:CV-12-1897, 2014 WL 4923173, at *7 (M.D. Pa. Sept. 30, 2014) (same).  Accordingly, Plaintiff's negligence claims against Superintendent Kerestes must be dismissed.

VI.  **PLAINTIFF'S CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF RELATED TO VISITS WHILE AT GEISINGER MEDICAL CENTER SHOULD BE DISMISSED AS MOOT BECAUSE PLAINTIFF IS NOT LONGER SUBJECT TO THE CONDITIONS COMPLAINED OF.**

Federal courts only have jurisdiction to decide an issue if it presents a live case or controversy. *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974). A prisoner's transfer from the facility complained of generally moots his claims for prospective injunctive or declaratory relief. *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003); *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993).  Such claims are not mooted when "a challenged action is (1) too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable likelihood that the same complaining party would be subjected to the same action again." *Sutton*, 323 F.3d at 248 (alteration and internal quotation marks omitted).

In the instant action, Plaintiff was discharged from Geisinger Medical Center on May 19, 2015.  He does not allege having been transferred back to that facility and concedes that he was permitted visits while at a prior medical facility.  To the extent that Plaintiff believes he may again be hospitalized, any belief that he may again be taken to Geisinger, or that his visits may be limited or prohibited, any such

assertion is too speculative to form a basis for prospective relief.  Accordingly,

Plaintiff's claim for prospective relief related to visits at Geisinger Medical Center

should be dismissed.

## Conclusion

WHEREFORE, Defendant respectfully requests that the claims against

Defendant Kerestes be dismissed.

Respectfully submitted,

Office of General Counsel

Dated:  January 19, 2016         By:   /s/  Laura J. Neal
Laura J. Neal
Assistant Counsel
PA 81070
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
Tel:  (717) 728-7763
lneal@pa.gov
Counsel for Corrections Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MUMIA ABU-JAMAL, et al., | : | |
| Plaintiffs | : | Civil Action No. 3:15-CV-00967 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| JOHN KERESTES, GEISINGER | : | (Magistrate Judge Mehalchick) |
| MEDICAL CENTER | : | |
| Defendants | : | FILED ELECTRONICALLY |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on the parties' counsel via ECF.


Dated:  January 19, 2016                     /s/  Laura J. Neal
                                                                  Laura J. Neal
                                                                  Assistant Counsel

PA Dept. of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
Tel:  (717) 728-7763