IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUMIA ABU-JAMAL, et al., | : |
| Plaintiffs, | : |
| v. | : 3:15-CV-00967 |
| | : (JUDGE MARIANI) |
| JOHN KERESTES, et al. | : |
| Defendants. | : |

## OPINION AND ORDER

Presently before the Court is Defendants Kerestes, Oppman, and Steinhart's ("the Corrections Defendants") "Motion to Strike Portions of Amended Complaint" (Doc. 104). The Motion argues that Sentence 2 of Paragraph 1 of the Supplemental and Amended Complaint (Doc. 57), as well as Paragraphs 9 through 23, should be stricken under Federal Rule of Civil Procedure 12(f) as immaterial and impertinent. These portions of the Amended Complaint set forth background averments on Plaintiff's life prior to his incarceration, (*see, e.g., id.* at ¶ 12), his conviction and sentencing for the murder of a Philadelphia police officer, (*see, e.g., id.* at ¶¶ 13-14), and his time spent in the state prison system, including having his death sentence set aside in federal court, (*see, e.g., id.* at ¶ 18).

The Amended Complaint arises out of Plaintiff Abu-Jamal's hospitalization at Geisinger Medical Center from May 12 to May 19, 2015, as well as his ongoing hepatitis C infection. Plaintiff Abu-Jamal along with Plaintiffs Brett Grote and Robert Boyle, also Abu-Jamal's attorneys of record in this matter, initially filed this action on May 18, 2015 claiming

violations of the right to association and access to the courts. (Compl., Doc. 1 at 10). Plaintiffs alleged that Defendant Kerestes and Defendant Geisinger "barred the plaintiff attorneys from visiting with Mr. Abu-Jamal" and further "prohibited all communication between Mr. Abu-Jamal and anyone," with the exception of a short phone call between him and his wife. (*Id.* at 3). Subsequently, Plaintiffs Boyle and Grote filed notices of voluntary dismissal (Docs. 17, 18), leaving Abu-Jamal as the only remaining Plaintiff. On November 24, 2015, Plaintiff filed a Supplemental and Amended Complaint (Doc. 57), which added several defendants, including Defendant Oppman and Defendant Steinhart, and which also added Eighth Amendment and state law negligence medical claims related to Plaintiff's hepatitis C.

"Motions to strike are decided on the pleadings alone, and should not be granted unless the relevant insufficiency is 'clearly apparent.'" *Stewart v. Keystone Real Estate Grp. LP*, No. 4:14-CV-1050, 2015 WL 1471320, at *5 (M.D. Pa. Mar. 31, 2015) (quoting *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir.1986)). Furthermore,

> [w]hile "courts possess considerable discretion in weighing Rule 12(f) motions, such motions are not favored," and Courts are reticent to grant them. *Miller v. Grp. Voyagers, Inc.*, 912 F. Supp. 164, 168 (E.D. Pa. 1996). One court noted that a motion should "be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Hanselman v. Olsen*, No. 4:05–CV–1834, 2006 WL 47655, *1 (M.D. Pa. Jan. 9, 2006) (McClure, J.) (internal quotations and citation omitted).

*Id.* at *6. The Court finds nothing "redundant, immaterial, impertinent, or scandalous," Fed. R. Civ. P. 12(f), about Sentence 2 of Paragraph 1 or Paragraphs 9 through 23 of the

Amended Complaint (Doc. 57), and in light of the background principles set forth above, will deny the Corrections Defendants' Motion to Strike (Doc. 104). At this stage of litigation, the Court is unwilling to hold that the averments challenged by the Corrections Defendants categorically fail to pertain to the claims at issue or have no important relationship to them. *See Conklin v. Anthou*, No. 1:10-CV-02501, 2011 WL 1303299, at *1 (M.D. Pa. Apr. 5, 2011) (defining as impertinent "statements that do not pertain, and are not necessary, to the issues in question," and as immaterial those which have "no essential or important relationship to the claim for relief."). What, if any, bearing on the case Sentence 2 of Paragraph 1 or each of Paragraphs 9 through 23 will be shown to have remains to be seen; however, the Court sees no reason to bar their inclusion in the Amended Complaint.

The Corrections Defendants' further contend that these challenged averments will prejudice them and confuse the issues in this case. (Corr. Defendants' Br. in Supp. of Mot. to Strike, Doc. 105 at 5). The Corrections Defendants are correct that "possible prejudice to a party [is] an important consideration in deciding motions to strikes," *Stewart v. Keystone Real Estate Grp. LP*, 2015 WL 1471320, at *5, but the Court is not persuaded that any such risk of prejudice or confusion exists here. "Motions to strike are regarded with disfavor because . . . because of the limited importance of pleadings in federal practice," *Benham v. Am. Servicing Co.*, No. C 09-01099 JSW, 2009 WL 4456386, at *8 (N.D. Cal. Nov. 30, 2009); the Court is confident that, should any future disputes related to these averments arise, it will be able to appropriately and, therefore, fairly resolve them at that time.

**ACCORDINGLY, THIS** ___2nd___ **DAY OF JUNE, 2016**, upon consideration of the Corrections Defendants' "Motion to Strike Portions of Amended Complaint" (Doc. 104), **IT IS HEREBY ORDERED THAT** said Motion is **DENIED**. The Court's denial of the Motion to Strike should not be construed by any of the parties as reflecting an opinion on the ability of Plaintiff to substantiate in the course of this litigation any of the challenged averments or an opinion that, if substantiated, the facts so established will bear a sufficient connection to the issues in this case to be deemed relevant under Federal Rule of Evidence 401.

Robert D. Mariani
United States District Judge