# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUMIA ABU-JAMAL, | : |
| Plaintiff, | : |
| v. | : 3:15-CV-967 |
| | : (JUDGE MARIANI) |
| JOHN KERESTES, et al., | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Currently before the Court is Plaintiff's Motion to File a Third Amended Complaint, (Doc. 179). While no formal discovery has yet been conducted, this case has generated a lengthy factual and procedural record which is briefly summarized below.

Plaintiff, Mumia Abu-Jamal, along with Plaintiffs Brett Grote and Robert Boyle, also Mr. Abu-Jamal's attorneys of record in this matter, initially filed this action on May 18, 2015, claiming violations of the right to association and access to the courts. (Doc. 1 at 10). Plaintiffs alleged that Defendant Kerestes, the then current superintendent at the State Correctional Institution at Mahanoy, and another "barred the plaintiff attorneys from visiting with Mr. Abu-Jamal" and further "prohibited all communication between Mr. Abu-Jamal and anyone," with the exception of a short phone call between him and his wife. (*Id.* at 3). Subsequently, Plaintiffs Boyle and Grote filed notices of voluntary dismissal (Docs. 17, 18), leaving Mr. Abu-Jamal (hereinafter, "Plaintiff") as the only remaining plaintiff.

On November 24, 2015, Plaintiff filed a Supplemental and Amended Complaint (hereinafter "Amended Complaint"), (Doc. 57), which added several defendants. Those defendants included Defendants Oppman and Steinhart, both Pennsylvania Department of Corrections employees. The Amended Complaint also added an Eighth Amendment claim and state law negligence medical claims related to Plaintiff's hepatitis C and other conditions. In January of 2016, Defendant Kerestes filed a Motion to Dismiss the Amended Complaint. (Doc. 81). Two months later, Defendants Oppman and Steinhart filed their Motion to Dismiss the Amended Complaint.

On August 5, 2016, this Court granted in part and denied in part both Motions to Dismiss. (Docs. 168, 169, 170, & 171).[1] On August 16, 2016, in accordance with this Court's Orders on the Motions to Dismiss, Plaintiff filed their Second Amended Complaint (Doc. 178). The next day, Plaintiff filed the present motion which seeks to amend his complaint once again. (Doc. 179). In short, the proposed Third Amended Complaint seeks to add three new defendants: the Pennsylvania Department of Corrections (hereinafter "DOC"), DOC Secretary John Wetzel, and Dr. Paul Noel. The current Defendants oppose this amendment. The issue has been fully briefed and is ripe for decision. For the reasons that follow, the Court will grant Plaintiff's motion to file his Third Amended Complaint.

---

[1] The Court later amended its Order concerning Defendant Kerestes, (Doc. 183), to clarify its meaning.

2

## II. ANALYSIS

Federal Rule of Civil Procedure 15 provides that a party may amend their complaint once within twenty-one days of service. Fed. R. Civ. P. 15(a)(1). After that time, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The United States Court of Appeals for the Third Circuit has adopted a liberal approach to the amendment of pleadings in order to ensure that 'a particular claim will be decided on the merits rather than on technicalities.'" *Payne v. Duncan*, 2016 WL 2859612, at *1 (M.D. Pa. 2016) (quoting *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990)). Indeed, the Third Circuit has noted that "[g]enerally, Rule 15 motions should be granted," *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016), and that "the pleading philosophy of the Rules counsels in favor of liberally permitting amendments to a complaint" or pleading, *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013).

Nevertheless, "[t]here are three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend: when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *United States ex rel. Customs Fraud Investigations*, 839 F.3d at 249 (quoting *United States ex rel. Schumann v. Astrazeneca Pharma. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)). "[P]rejudice to the

nonmoving party is the touchstone for the denial of the amendment." *Dole*, 921 F.2d at 488 (quotation marks omitted).

When an amendment to a complaint seeks to join parties, Federal Rule of Civil Procedure 20 is also implicated. That rule states, in pertinent part, that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

Turning first to the requirements of Rule 20, Defendants do not argue that joinder here is improper. Nor should they. Plaintiff alleges he has the right to relief from the three proposed parties for their role in the treatment of his hepatitis C and skin conditions. In the current operative complaint—the Second Amended Complaint—Plaintiff seeks money damages and injunctive relief from the current Defendants for their roles in, among other things, the treatment of his hepatitis C and skin conditions during the same time period. Thus, the proposed parties' potential liability arises out of the same transaction or

Case 3:15-cv-00967-RDM Document 206 Filed 01/10/17 Page 5 of 8

occurrence as the current Defendants, namely liability arising out of providing inadequate medical care as it pertains to Plaintiff's hepatitis C and skin conditions. Therefore, the Court finds that joinder of the additional parties here is proper.

While Defendants do not put forth any arguments that joinder is improper, they do argue that amending the complaint is improper under Rule 15 for two reasons.[2] First, Defendants argue that the new complaint is, at its core, a new action against entirely new parties. (Doc. 197 at 5). Defendants support this argument with a quote from a prior opinion of this Court where it said that "a court may deny leave to file a supplemental complaint where the new proposed pleading related only indirectly to the original complaint and the new alleged cause of action arose from a body of facts unrelated to those set forth in the original complaint." *Payne*, 2015 WL 2357073, at *3 (citing *Nottingham v. Peoria*, 709 F. Supp. 542, 544 (M.D. Pa. 1988)). Here, they argue, the proposed parties are unrelated to the claims asserted in the *original* complaint. (Doc. 197 at 6).

Defendants' misread the case law. In both *Payne* and *Nottingham* the operative complaint sought to be amended or supplemented was the original complaint. *See Payne*, 2015 WL 2357073, at *1; *Nottingham*, 709 F. Supp. at 544. These cases do not stand for the proposition that, under Rule 15, a court must compare a proposed amended complaint

---

[2] In a footnote at the end of their brief, "Defendants also assert that Plaintiff's motion should be denied as futile due to Plaintiff's failure to exhaust his administrative remedies for the reasons set forth in the Corrections Defendants' pending motion for summary judgment (docs. 148, 156) and their briefs opposing Plaintiff's motion for leave to amend (doc. 28)." (Doc. 197 at 8). Under Local Rule 7.8(a), however, "[n]o brief may incorporate by reference all or any portion of any other brief." Thus, the Court will not address Defendants' argument on this point.

5

to the original complaint irrespective of any intervening amendments. An "amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (quotation marks omitted); *see also Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes [sic] the original version in providing the blueprint for the future course of a lawsuit.").

Here, the proposed Third Amended Complaint adds three parties and some factual assertions concerning these parties, but it does not add any additional counts to the current operative complaint. Far from being "a new action," the proposed complaint only alleges that these proposed Defendants are also liable for the causes of action already alleged in the Second Amended Complaint.

Defendants' second argument as to why the Court should deny Plaintiff's motion to amend is that Plaintiff has acted with undue delay. (Doc. 197 at 6). "Delay alone will not constitute grounds for denial" of a motion for leave to amend. *Bjorgung v. Whitetail Resort, L.P.*, 550 F.3d 263, 266 (3d Cir. 2008) (citing *Cureton v. Nat'l Collegiate Athl. Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)). Undue delay, however, may justify a denial of a motion for leave to amend. *United States ex rel. Customs Fraud Investigations*, 839 F.3d at 249. "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous

opportunities to amend." *Bjorgung*, 550 F.3d at 266. Nevertheless, "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).

While there has been some delay in the filing of the present motion, the Court cannot say that it rises to the level of undue delay and requires the Court to deny Plaintiff's motion. The litigation is still in its earlier stages. No formal discovery has commenced. No case deadlines have been set, and, as a result, the deadline for amending the pleadings or adding additional parties has not yet passed. Amendment of the complaint at this stage would not burden the Court as the case is only now getting on track to proceed forward. Thus, amending the complaint now will not set the litigation back. Further, as Defendants' response to the Second Amended Complaint is stayed pending the resolution of this motion, (Doc. 204), Defendants will have to answer a complaint even if the Court was to deny the present motion. Thus, the additional burden on the current Defendants is minimal.

Defendants are correct that there has been a sizable passage of time. During this passage of time, however, the litigation has necessarily been halted while the Court has addressed the numerous motions filed by both sides. As the case is on the verge of beginning discovery, amending the complaint now will not likely create any more substantial delays. In sum, while the delay to amend the complaint in this case has not been ideal, it also has not been undue. Thus, the Court finds no reason to deny Plaintiff's motion to file his Third Amended Complaint.

## III. CONCLUSION

For the reasons outlined above, the Court will grant Plaintiff's motion to file a Third Amended Complaint.

Robert D. Mariani
United States District Judge