IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLANIA

| | |
|---|---|
| MUMIA ABU-JAMAL | : Case No. 15-Cv-00967 |
| Plaintiff, | : Judge Robert D. Mariani |
| v. | : JURY TRIAL DEMANDED |
| JOHN KERESTES, et al. | : |
| Defendants. | : ELECTRONICALLY FILED |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR JOINDER OF JAY COWAN, M.D. AS A DEFENDANT**

**RELEVANT FACTS AND PROCEDURAL HISTORY**

The instant complaint alleges, *inter alia*, that the plaintiff Mumia Abu Jamal has been denied his right to adequate medical care as guaranteed by the Eighth Amendment to the United States Constitution. Of relevance to this motion, the complaint more specifically alleges that Mr. Abu Jamal has been denied treatment for hepatitis C through available anti-viral medications and that the denial of that treatment has resulted in irreversible damage to the plaintiff's health. Doc. 210, ¶ 152. The denial of that treatment was pursuant to a policy formulated by the defendants and others that authorized treatment only for those hepatitis C patients whose conditions had deteriorated to cirrhosis. The policy is enforced by a committee

known as the Hepatitis C Committee which determined that plaintiff did not meet the requirements for treatment. Doc. 210 ¶¶ 49-50, 53-56 121, 149-149.

On or about May 17, 2017 this Court executed a Case Management Plan that required additional parties to be added no later than July 18, 2017. Doc. 225. By motion filed on that date, plaintiff moved to join Jay Cowan, M.D. as a party defendant. Doc. 239. Attached to that motion is a proposed Fourth Amended Complaint. It inserts Dr. Cowan and specifies the allegations made against him.[1]

Dr. Cowan, the complaint alleges, is employed by Correct Care Solution, the entity contracted to provide medical care to inmates within the Pennsylvania Department of Corrections. In addition, he sits on the DOC's Hepatitis C Treatment Committee. Doc. 239-1, ¶ 17. Along with other named defendants Dr. Cowan devised, implemented and enforced the DOC's hepatitis C protocol. Doc. 239-1, ¶¶ 56-58. He knows that the protocol deviates from the accepted standard of care for hepatitis C patients and that its enforcement has no medical justification. Doc. 239-1, ¶¶ 148, 150, 153-156. He personally reviewed the plaintiff's medical records and determined that he not be treated with anti-viral medications. Doc. 239-1, ¶¶ 145-146.

---

[1] Other than adding a paragraph identifying Dr. Cowan, adding his name to the existing paragraphs setting forth allegations made against other defendants, and adding him to causes of action I and V, the proposed Fourth Amended Complaint makes no other changes to the Third Amended Complaint.

His actions and omissions render Dr. Cowan liable to the plaintiff for violations of the Eighth Amendment (Count I) and under Pennsylvania common law (Count V).

**LEGAL ARGUMENT**

Question Presented: Is Jay Cowan, M.D. properly joined as a defendant?

Suggested Answer: Yes.

"Under the [Federal] Rules [of Civil Procedure], the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966); *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers*). Federal Rule of Civil Procedure 20(a)(2) permits joinder of defendants in an action when there is a right to relief asserted against the defendants arising out of the same events, and there are questions of law or fact common to all defendants. Under Rule 20 "proper parties may be joined in certain circumstances because of a common interest in a question of law or fact, even though they have no substantive right to compel joinder[.]" *Field v. Volkswagenwerk AG*, 626 F.2d 293, 299 (3d Cir. 1980).

The Rule 20(a)(2) requirements are easily met here. Plaintiff Mumia Abu-Jamal seeks to add one additional defendant in his individual and official capacity for purposes of monetary and injunctive relief: Dr. Jay Cowan of Correct Care Solutions.

*See* Plaintiff's Motion for Joinder, Exhibit A, Proposed Fourth Amended Complaint, Counts I and V.

Mr. Abu-Jamal has asserted facts regarding the role that Dr. Cowan has played in authorizing, condoning, and implementing a hepatitis C protocol that denies him treatment. Proposed Fourth Amended Complaint ¶¶ 17, 50, 56, 58, 145, 146, 148-50, 153-54. Dr. Cowan, as a member of the hepatitis C treatment committee, implemented and enforced a policy that denied Mr. Abu-Jamal hepatitis C treatment. *Id.* at ¶¶ 17, 50, 56, 58, 145-46. These allegations satisfy the Rule 20(a)(2) requirements. Whether this Court grants this relief against him or the other defendants depends on identical questions of fact and law pertaining to their legal obligation to provide Mr. Abu-Jamal with medical care for his hepatitis C. Moreover, the allegations against Dr. Cowan are sufficient to show personal involvement in decisions manifesting deliberate indifference to Mr. Abu-Jamal's serious medical need for hepatitis C treatment. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (allegations of personal direction or of actual knowledge and acquiescence in violations of plaintiff's rights sufficient for establishing personal involvement); *A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572, 586 (3d Cir. 2004) (policymakers may be liable under section 1983 by "establish[ing] and maintain[ing] a policy, practice or custom which directly caused constitutional harm"); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (Eighth Amendment violated when prison official "knows and disregards an excessive risk to inmate health or safety.").

The Rule 20(a) analysis of the district court in a class action lawsuit challenging the DOC's hepatitis C policy is instructive in this case as well. *Chimenti v. Pennsylvania Department of Corrections*, 2016 WL 1125580 at *16. There, the court denied a motion to sever on the basis that plaintiffs had met the requirements of Rule 20(a) because their claims "all involve the same alleged DOC policy and practice to 'den[y] necessary medical care for inmates diagnosed with Hepatitis C viral infections, thereby placing them at substantial and unnecessary risk for severe illness, injury and death.'" *Id.* at 17 (quoting plaintiffs' complaint). Because Mr. Abu-Jamal's claims against Dr. Cowan meets the requirements of Rule 20(a), this Court should grant his motion for joinder.

    Respectfully submitted,

*/s/ Bret D. Grote*
Bret D. Grote
PA I.D. No. 317273
Abolitionist Law Center
P.O. Box 8654
Pittsburgh, PA  15221
Telephone:  (412) 654-9070
bretgrote@abolitionistlawcenter.org

*/s/ Robert J. Boyle*
Robert J. Boyle
277 Broadway
Suite 1501
New York, N.Y. 10007
(212) 431-0229
Rjboyle55@gmail.com
NYS ID# 1772094
Admitted *Pro Hac Vice*

DATED: July 19, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of this Brief in Support of Plaintiff's Motion for Joinder upon each defendant in the following manner:

Service Via ECF:

For Defendants Kerestes, DelBalso, Silva, Noel, Wetzel, Oppman, and Steinhart:
Laura Neal, Esquire
Maria Macus, Esquire
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
lneal@pa.gov
mmacus@pa.gov

For Defendants Lisiak, Khanum, Saxon, and Correct Care Solutions:
Samuel H. Foreman, Esquire
Caitlin Goodrich, Esquire
sforeman@wglaw.com
cgoodrich@wglaw.com

*s/ Bret D. Grote*
Bret D. Grote
Abolitionist Law Center
P.O. Box 8654
Pittsburgh, PA  15221

Dated: July 19, 2017