IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MUMIA ABU-JAMAL,

    Plaintiff,

vs.

JOHN KERESTES, Superintendent
State Correctional Institution Mahanoy;
CHRISTOPHER OPPMAN, DOC
Director of Bureau of Health Care
Services; DR. JOHN LISIAK, SCI
Mahanoy; DR. SHAISTA KHANUM,
SCI Mahanoy; SCOTT SAXON,
Physician's Assistant, SCI Mahanoy;
Chief Health Care Administrator JOHN
STEINHART, SCI Mahanoy;
GEISINGER MEDICAL CENTER,

    Defendants.

*FILED ELECTRONICALLY*

CIV. ACTION NO. 15-CV-00967

### RESPONSE TO PLAINTIFF'S MOTION FOR JOINDER

Plaintiff has now moved to amend his Complaint to name Dr. Jay Cowan as a Defendant on the grounds that he was purportedly a member of the Hepatitis C Treatment Committee specified in the Department of Corrections Interim Hepatitis C Treatment Protocols. Defendants now express their opposition to the naming of Dr. Cowan. Defendants acknowledge that, pursuant to Rule 20 of the Federal Rules of Civil Procedure, Plaintiffs Motion to join Dr. Cowan as a Defendant in this case is legally sufficient. Defendants express their opposition to this Motion,

however, because the facts will ultimately demonstrate that Dr. Cowan was never, in fact, a member of the Hepatitis C Treatment Committee, and thus his joinder on this basis will ultimately only require a motion seeking his excision from the action at the close of discovery.

Defendants accordingly express their specific disagreement with Plaintiff's contention that Dr. Cowan "devised, implemented and enforced the DOC's Hepatitis C Treatment Protocol," particularly inasmuch as the policy was already complete and being implemented when Dr. Cowan began working as CCS' Pennsylvania State Medical Director. Defendants further specifically object to the Motion's assertion that Dr. Cowan "knows that the protocol deviates from the accepted standard of care for hepatitis C patients and that its enforcement has no medical justification," or that "[h]e personally reviewed the Plaintiff's medical records and determined that he not be treated with anti-viral medications," as these allegations will be proven to have no basis in fact.

Accordingly, while Defendants concede that Plaintiff has the right, under the Rules, to the joinder of Dr. Cowan which they seek in the instant Motion, Defendants waive no defenses or objections they may have to the joined pleading, which they will appropriately respond to, and cannot acquiesce in an amendment of the pleading which they contend will ultimately be contrary to the facts which will be developed in this matter.

Respectfully submitted,

WEBER GALLAGHER SIMPSON STAPLETON
FIRES & NEWBY LLP

BY: _____

Samuel H. Foreman, Esquire
sforeman@wglaw.com
PA77096

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP
Four PPG Place
5th Floor
Pittsburgh, PA 15222
(412) 281-4541
(412) 281-4547 FAX

# **CERTIFICATE OF SERVICE**

I, Samuel H. Foreman, Esquire, hereby certify that on this date a true and correct copy of the foregoing **RESPONSE TO PLAINTIFF'S MOTION FOR JOINDER** was sent by CM/ECF notice only, as follows:

Robert J. Boyle
277 Broadway, Suite 1501
New York, NY  10007

Bret. D. Grote
Abolitionist Law Center
PO Box 8654
Pittsburgh, PA  15221

Laura J. Neal
Pennsylvania Department of Corrections
55 Utley Drive
Camp Hill, PA  17011

/S/ Samuel H. Foreman
Samuel H. Foreman, Esquire

Dated:          08/01/2017